UNITED STATES v. TUCK LEE.

(District Court, N. D. New York. March 21, 1903.)

1. ALIENS—CHINESE LABORERS—RESIDENCE—SURRENDER—DEPORTATION.
    Act Sept. 13, 1888 (25 Stat. 477 [U. S. Comp. St. 1901, p. 1314]), provides that Chinese laborers who depart from the United States may return at enumerated ports only on compliance with sections 5, 6, and 7, which require that the alien shall have a wife, child, or parent in the United States, or property of a certain value, etc., and that on leaving he shall apply to the collector of customs from the district from which he wishes to depart, at least a month prior to his departure, and make oath concerning his family, property, etc. Held, that where a Chinese laborer holding a United States labor certificate departed from the United States at a point other than the places of departure prescribed, without applying to the collector of customs for permission to leave, etc., and thereafter re-entered the United States at a nondesignated point, in the absence of evidence as to his intention in departing, he had forfeited his right to remain in the United States, and was subject to deportation.

Appeal by Defendant from Commissioner's Judgment of Deportation.

George B. Curtiss, U. S. Atty.

R. M. Moore, for defendant.

RAY, District Judge. It was admitted in court on the trial that the defendant is a Chinese person, not a member of the exempt class, and that he came into the United States from the Dominion of Canada, and was apprehended as charged in the complaint and warrant in the case. The defendant came into the state of New York from the Dominion of Canada at Rouses Point on or about the 14th day of July, 1902. This is not one of the designated points at which Chinese persons may enter the United States. The defendant was arrested on or about the 15th day of July, 1902. On the trial he refused to make any statement whatever. The said Tuck Lee is a Chinese person, and a laborer, and not a citizen of the United States, and is not a diplomatic or other officer of the Chinese or any other government, and he came in in violation of law. There is no claim that he was born in the United States.

The defendant is the holder of a labor certificate, No. 6,612, of which the following is a copy:

"United States of America.

"Certificate of Residence.

"Issued to Chinese Laborer, under the Provisions of the Act of May 5, 1892.

"This is to certify that Tuck Lee, a Chinese laborer, now residing at Chicago, has made application No. 1012 to me for a Certificate of Residence, under the provisions of the Act of Congress approved May 5, 1892, and I

¶ 1. Citizenship of the Chinese, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212; Lee Sing Far v. Same, 35 C. C. A. 332.

certify that it appears from the affidavits of witnesses submitted with said application that said Tuck Lee was within the limits of the United States at the time of the passage of said Act, and was then residing at Ottawa, Ills. and that he was at that time lawfully entitled to remain in the United States, and that the following is a descriptive list of said Chinese laborer, viz.:

"Name: Tuck Lee. Age: 33 yrs.

"Local residence: Ottawa, Ills.

"Occupation: Laundryman. Height: 5 ft. 7½.

"Color of eyes: Dark brown. Complexion: Dark brown.

"Physical marks or peculiarities for identification: Scar on right wrist.

"And as a further means of identification, I have affixed [Photograph] hereto a photographic likeness of said Tuck Lee.

"Given under my hand and seal this 9th day of April, 1894, at Chicago, State of Illinois.

"[Seal]          W. J. Mize,

"Collector of Internal Revenue, First District of Illinois."

At some time after such certificate was issued—the date does not appear—the defendant left the United States at some place unknown, and the occasion or purpose of his going is unknown, as well as the period of his absence. He made no explanation whatever as to the reason why he went, the point of departure, or where he has been or what doing since his departure. The defendant did not surrender his certificate at his point of departure, nor did he obtain one entitling him to return, as required by law. In short, the defendant has neither explained nor justified his omission to comply with the law as to the delivery of his labor certificate to the collector of customs at the port of exit, or his failure to procure a return certificate.

The question then is, can a Chinese citizen and laborer living in the United States, and remaining here under and by virtue of a labor certificate issued under the act of May 5, 1892, depart at will, without complying with the law, remain outside the United States for such period of time as he sees fit, and then return at any point he sees fit, and retain his right to be and remain in the United States? Under such circumstances, is he liable to be deported?

It should be further stated that there is no proof that the defendant has a lawful wife, child, or parent in the United States, or property therein, nor did he leave with the collector of customs a description of his family or property or debts.

Chinese laborers who depart from the United States have the right to return only on compliance with sections 5, 6, and 7 of the act of September 13, 1888 (25 Stat. 477 [U. S. Comp. St. 1901, p. 1314]), continued in force by subsequent statutes. He must have a lawful wife, child, or parent in the United States, or property therein of the value of $1,000, or debts of like amount due him pending settlement. The marriage must have taken place at least a year prior to the application of the laborer for a permit to return to the United States, and must have been followed by the continuous cohabitation of the parties as man and wife. If the right to return is claimed on the ground of property or of debts, it must appear that the property is bona fide, and not colorably acquired for the purpose of evading the law, and that the debts are unascertained and unsettled, and are not promissory notes or other similar acknowledgments of ascertained liability.

Section 7 of the act provides that a Chinese person, on leaving, shall apply to the collector of customs from the district from which he wishes to depart, at least a month prior to the time of his departure, and make an oath before the collector, containing a full statement descriptive of his family, property, or debts, and furnish to the collector such proof of the facts entitling him to return as shall be required by the rules and regulations prescribed from time to time by the Secretary of the Treasury. He is also required to permit the collector to take a full description of his person. The collector may then decide to issue a certificate entitling such person to return. The right to return is limited to one year, but may be extended for cause.

The law also provides that no Chinese laborer shall be permitted to re-enter the United States without producing to the proper officer of the customs at the port of entry the return certificate required, and that a Chinese person possessing a certificate under this section shall be permitted to enter the United States only at a port from which he departed, and no Chinese person, except Chinese diplomatic or consular officers and their attendants, shall be permitted to enter the United States except at the ports of San Francisco, Portland, Oregon, Boston, New York, New Orleans, Port Townsend, or such other ports as may be designated by the Secretary of the Treasury.

In U. S. v. Long Hop (D. C.) 55 Fed. 58, it was held that this act is in force, except sections 1 to 4, inclusive, and section 15 (25 Stat. 476, 479 [U. S. Comp. St. 1901, pp. 1312, 1313, 1317]). These sections are not in question.

The power to expel or exclude aliens, being a power affecting our international relations, is vested in the political departments of the government, and is to be regulated by treaty or act of Congress, and is to be executed by the executive authority, except so far as the judicial department has been authorized or is required by the Constitution to intervene. Fong Yue Ting v. U. S., 149 U. S. 711–714, 13 Sup. Ct. 1016, 37 L. Ed. 905; U. S. v. Wong Kin Ark, 169 U. S. 699–700, 18 Sup. Ct. 456, 42 L. Ed. 890. The right to exclude or expel aliens of any nationality is our inherent and inalienable right as a sovereign and an independent nation, and this power may be exercised entirely through executive officers. Same cases.

If the doctrine laid down in these cases is correct, then this defendant forfeited his right to be and remain within the United States by departing as he did without complying with the law, there being no explanation as to his mode and manner of exit, the period of absence, and the occasion therefor. It may well be that, should a Chinese laborer with a certificate residing in Chicago start for the City of New York, and go through Canada on his way, and be accidentally detained in Canada for days or weeks, he might be permitted to continue his journey and re-enter the United States. In such case it would not be regarded that he had departed from the United States within the true intent and meaning of the law. So, should he take a sea voyage and pass around the world, making a continuous voyage, it would not, perhaps, be treated as a departure from the United States, if he intended to return, and made a continuous voyage. So other cases and examples might be cited, but there

is no necessity. The facts in this case show that this defendant, a Chinese laborer, and not a citizen of the United States, left the United States in violation of the law, and was gone an indefinite period when he returned in violation of law. His labor certificate is no protection against deportation under these circumstances. Congress having prescribed the terms and conditions on which the defendant might remain here, or might depart from and return to the United States, and not having transcended its powers in so doing, this alien was bound to observe them, and, not having done so, is illegally within the United States. When he took his labor certificate he entered into a contract with the government of the United States that he would comply with and obey its laws, not only while here, but in departing from and returning to the United States, and the government undertook to guaranty to him, while in this country, the equal protection of the laws; but his right to remain or be in the United States, or to return thereto in case he departed therefrom, was forfeited when he voluntarily left the United States in violation of law, and then returned in violation of such law. If the law amounts to anything, this is its effect. Nor is this statute in conflict with the provisions of the treaty. Even if it is, the act of Congress abrogates the treaty to that extent. The power of Congress to regulate the whole subject is superior to the treaty-making power.

There is a distinction made between Chinese merchants domiciled within the United States, and who depart therefrom temporarily, with the intention of returning, and Chinese laborers. The latter must procure the certificate. United States v. Mrs. Gue Lim, 176 U. S. 468, 20 Sup. Ct. 415, 44 L. Ed. 544; Lau Ow Bew v. United States, 144 U. S. 63, 12 Sup. Ct. 517, 36 L. Ed. 340; Wan Shing v. United States, 140 U. S. 424, 11 Sup. Ct. 729, 35 L. Ed. 503.

The burden of proof was on the defendant to show his right to return to and remain in the United States. This he has failed to do.

The judgment of deportation is affirmed.